```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**ERIE INSURANCE PROPERTY
AND CASUALTY COMPANY,**

    **Plaintiff,**

**v.**                                  **CIVIL ACTION NO. 1:07-00489**

**CHRISTOPHER DAUGHTREY,
LORI DAUGHTREY, CARL E.
HORTON, MEXIE A. HORTON, and
ADVANTAGE REALITY, INC. d/b/a
ERA ADVANTAGE REALTY,**

    **Defendants.**

<u>**MEMORANDUM OPINION**</u>

Pending before the court is Erie's unopposed motion for summary judgment. (Doc. No. 21.) For the reasons discussed below, the motion is granted.

**I.**    **Background**

In January of 2007 Christopher and Lori Daughtrey ("Daughtreys") brought suit in the Circuit Court of Mercer County, West Virginia, against Carl and Mexie Horton ("Hortons") and Advantage Realty, Inc., d/b/a ERA Advangtage Realty ("ERA"). (Doc. No. 4-3.) The state-court complaint contends that after purchasing a home from the Hortons the Daughtreys discovered serious water and mold damage which had been concealed prior to the closing. (<u>Id.</u>) Particularly, the allegations contained in the state-court complaint include (1) intentional non-disclosure of hidden defects; (2) negligent failure to disclose or repair

hidden defects; (3) fraud; (4) intentional misrepresentation; (5) breach of contract; and (6) breach of duty of good faith and fair dealing.

The Hortons immediately sought coverage for the defense of, and indemnification for, the Daughtrey complaint, pursuant to an insurance policy issued to them by Erie Insurance Property and Casualty Company ("Erie"). (Doc. No. 1 at 3.) Erie agreed to defend the Hortons in the state-court action under a reservation of rights. (Id.) However, on August 8, 2007, Erie filed suit in this court seeking a declaration that it had no duty to defend the Hortons in the underlying state-court litigation and had no duty to indemnify the Hortons for any damage award entered against them in the underlying state-court litigation. (Id. at 7.)

The Hortons, Daughtreys, and ERA all filed answers to Erie's complaint but none filed motions to dismiss. (Doc. Nos. 10, 12, 13.) Erie moved for summary judgment arguing that the insurance policy issued to the Hortons does not provide coverage for the defense of, or indemnification for, the underlying litigation. (Doc. No. 21.) The defendants did not respond within the time set forth in this court's July 11, 2007, amended scheduling

order. (Doc. No. 28.) Accordingly, Erie's motion for summary judgment is ripe for review.[*]

## II. Standard of Review

When a federal court's jurisdiction is based on diversity, it must apply state substantive law and federal procedural law. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). The standard for summary judgment is procedural; therefore, the federal standard applies. Gen. Accident Fire & Life Assurance Co. v. Akzona, Inc., 622 F.2d 90, 93 n.5 (4th Cir. 1980). To obtain summary judgment, the moving party must show that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

The nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." Anderson, 477 U.S. at 256. Summary

---

[*] Erie filed a reply, wherein it reiterated the arguments set forth in its original motion for summary judgment. (Doc. No. 29.)

judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. Anderson, 477 U.S. at 252.

**III. Analysis**

In a diversity action, state law controls the construction of the insurance policy. Knight v. Am. Nat. Fire Ins. Co., 831 F. Supp. 1284, 1287 (D.S.C. 1993). In West Virginia, insurance policy language is given its "plain, ordinary meaning." Aluise v. Nationwide Mutual Fire Ins. Co., 625 S.E.2d 260, 267-268 (W. Va. 2005) (citing Soliva v. Shand, Morahan & Co., 345 S.E.2d 33, Syl. Pt. 1 (W. Va. 1986)). Moreover, "where the provisions in an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Id. at 268. Conversely, ambiguities in insurance policy language are resolved against the insurer. Zurich Ins. Co. v. Uptowner Inns, Inc., 740 F. Supp. 404, 407 (S.D. W. Va. 1990).

In the instant case, the subject insurance policy provides liability coverage for "bodily injury or property damage caused by an occurrence" which is defined as "an accident, including

continuous or repeated exposure to the same general harmful conditions." (Doc. No. 22 at 10.) The West Virginia Supreme Court, in Aluise, held that "[a]bsent policy language to the contrary, a homeowner's policy defining 'occurrence' as 'bodily injury or property damage resulting from an accident' does not provide coverage for an insured homeowner who is sued by a home buyer for economic losses caused because the insured negligently or intentionally failed to disclose defects in the home." 625 S.E.2d at 269. The underlying state-court complaint in this case sets forth the exact same allegations, i.e., the Hortons intentionally or negligently failed to disclose defects in the home. (Doc. No. 4-3.) Accordingly, the insurance policy issued to the Hortons by Erie does not provide coverage for the defense of, or indemnification for, the underlying litigation. Erie has not duty to defend or indemnify.

**IV. Conclusion**

For the reasons set forth above, Erie's motion for summary judgment (Doc. No. 21) is hereby **GRANTED**. The court **DECLARES** that the insurance policy issued by Erie to the Hortons does not cover the claims and damages alleged by the Daughtreys in the underlying action pending in the Circuit Court of Mercer County, West Virginia. A separate Judgment Order will be entered contemporaneously with this Memorandum Opinion implementing the court's decision.

The Clerk is **DIRECTED** to dismiss this matter from the active docket of the court and to mail a copy of this Memorandum Opinion to all counsel of record and any unrepresented parties.

It is **SO ORDERED** this 15th day of August, 2008.

        ENTER:

        David A. Faber
        United States District Judge